## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**   **2. PLEASE TYPE OR PRINT**   **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption:<br><br>Lee<br><br>v.<br><br>Binance | District Court or Agency:<br><br>SDNY | Judge:<br><br>Andrew L. Carter, Jr. |
|---|---|---|
|  | Date the Order or Judgment Appealed from was Entered on the Docket:<br><br>March 31, 2022 | District Court Docket No.:<br><br>20-cv-02803-ALC |
|  | Date the Notice of Appeal was Filed:<br><br>April 29, 2022 | Is this a Cross Appeal?<br><br>☐ Yes  ☑ No |

| **Attorney(s) for Appellant(s):**<br><br>☑ Plaintiff<br>☐ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>Jordan A. Goldstein; Selendy Gay Elsberg PLLC; 1290 Sixth Avenue, 17th Floor, New York, NY 10104; T: (212) 390-9000; jgoldstein@selendygay.com.<br>Kyle W. Roche; Roche Freedman LLP; 99 Park Ave, 19th Floor, New York, NY 10016; T: (646) 350-0527; kyle@rochefreedman.com. |
|---|---|
| **Attorney(s) for Appellee(s):**<br><br>☐ Plaintiff<br>☑ Defendant | Counsel's Name:   Address:   Telephone No.:   Fax No.:   E-mail:<br><br>James P. Rouhandeh; Davis Polk & Wardwell LLP; 450 Lexington Avenue, New York, NY 10017; T: (212) 450-4000; F: (212) 701-5835; rouhandeh@davispolk.com. |

| Has Transcript Been Prepared?<br><br>n/a | Approx. Number of Transcript Pages:<br><br>n/a | Number of Exhibits Appended to Transcript:<br><br>n/a | Has this matter been before this Circuit previously?   ☐ Yes  ☑ No<br><br>If Yes, provide the following:<br><br>Case Name:<br><br>2d Cir. Docket No.:   Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

*ADDENDUM "A"*: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

*ADDENDUM "B"*: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

### PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party   ☑ Diversity<br>☑ Federal question (U.S. not a party)   ☑ Other (specify): 28 U.S.C. § 1367(a) | ☑ Final Decision   ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b))<br>☐ Interlocutory Decision Appealable As of Right   ☐ Other (specify): _____ |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

FORM C  (Rev. October  2016)

**PART B: DISTRICT COURT DISPOSITION** (Check as many as apply)

| 1. Stage of Proceedings | 2. Type of Judgment/Order Appealed | 3. Relief |
|---|---|---|

**1. Stage of Proceedings**
- [✓] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**
- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [✓] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal
- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [ ] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. Relief**
- [ ] Damages:
  - [ ] Sought: $_____
  - [ ] Granted: $_____
  - [ ] Denied: $_____
- [ ] Injunctions:
  - [ ] Preliminary
  - [ ] Permanent
  - [ ] Denied

**PART C: NATURE OF SUIT** (Check as many as apply)

**1. Federal Statutes**
- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [ ] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____
- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental
- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**
- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**
- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**4. Prisoner Petitions**
- [ ] Civil Rights
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Parole
- [ ] Vacate Sentence
- [ ] Other

**5. Other**
- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify):
- [✓] Other (specify): State Blue Sky Laws

**6. General**
- [ ] Arbitration
- [ ] Attorney Disqualification
- [✓] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise constitutional issue(s)?**
- [ ] Yes  [✓] No

Will appeal raise a matter of first impression?
- [ ] Yes  [✓] No

---

1. Is any matter relative to this appeal still pending below? [ ] Yes, specify: _____ [✓] No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes [✓] No

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes [✓] No

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Docket No. | Citation: | Court or Agency: |
|---|---|---|---|

Name of Appellant:

| Date: May 13, 2022 | Signature of Counsel of Record: s/ Jordan A. Goldstein |
|---|---|

# NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.

2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.

3. Pay the $505 docketing fee to the United States District Court or the $500 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. December 2016)

*Lee v. Binance*
No. 22-00972 (2d Cir.)

**FORM C**
**ADDENDUM A**

## I.   Nature of the Action

Plaintiffs, individually and on behalf of all others similarly situated, brought this lawsuit seeking redress for Defendants' unlawful promotion, offer, and sale of unregistered crypto-securities, in violation of federal securities law and state Blue Sky laws.  Plaintiffs sought damages and equitable relief.

Defendants filed a motion to dismiss, and, on March 31, 2022, the District Court granted that motion.  *See JD Anderson, et al. v. Binance, et al.*, No. 20-cv-2803 (ALC), 2022 WL 976824 (S.D.N.Y. Mar. 31, 2022).  Specifically, the District Court dismissed Plaintiffs' claims for failure to state a claim upon which relief could be granted.

## II.   Result Below

As described above, the District Court granted Defendants' motion to dismiss on March 31, 2022.  *See JD Anderson, et al. v. Binance, et al.*, No. 20-cv-2803 (ALC), 2022 WL 976824 (S.D.N.Y.

Mar. 31, 2022). The District Court accordingly closed the case and issued a judgment dismissing Plaintiffs' complaint on March 31, 2022.

## III. Notice of Appeal

Plaintiffs noticed its appeal to this Court on April 29, 2022. A copy of the Notice of Appeal is attached as Exhibit A to this Addendum. A current copy of the District Court's docket sheet is attached as Exhibit B to this Addendum.

## IV. Relevant Orders and Opinions

A copy of the District Court's March 31, 2022 Order granting Defendants' motion to dismiss is attached as Exhibit C to this Addendum. The District Court's judgment, entered on March 31, 2022, is attached as Exhibit D to this Addendum.

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JD ANDERSON, COREY HARDIN, ERIC
LEE, BRETT MESSIEH, DAVID
MUHAMMAD, RANJITH THIAGARAJAN,
CHASE WILLIAMS, and TOKEN FUND I
LLC, individually and on behalf of all others
similarly situated,

                       Plaintiffs,

       v.

BINANCE, CHANGPENG ZHAO, YI HE,
and ROGER WANG,

                    Defendants.

Case No. 1:20-cv-02803-ALC
Honorable Andrew L. Carter, Jr.

**NOTICE OF APPEAL**

        Notice is hereby given that JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David

Muhammad, Ranjith Thiagarajan, Chase Williams, and Token Fund I LLC, on behalf of

themselves and all others similarly situated, by and through their undersigned counsel, hereby

appeal to the United States Court of Appeals for the Second Circuit from the Order Granting

Defendants' Motion to Dismiss (ECF No. 77, the "Order"), signed and entered on March 31, 2022,

and Judgment (ECF No. 78, the "Judgment"), signed and entered on March 31, 2022, in the above-

captioned action.  This appeal is taken from each and every part of the Order and Judgment, and

from the Order and Judgment as a whole.

Dated:   April 29, 2022                          Respectfully submitted,
         New York, NY

_s/ Kyle W. Roche_                               _s/ Jordan A. Goldstein_

Kyle W. Roche                                    Philippe Z. Selendy
Edward Normand                                   Jordan A. Goldstein
Velvel (Devin) Freedman                          Oscar Shine
    (_pro hac vice_)                             Mitchell Nobel
Alex T. Potter                                   SELENDY GAY ELSBERG PLLC
Richard R. Cipolla                               1290 Sixth Avenue, 17th Floor
ROCHE FREEDMAN LLP                               New York, NY 10104
99 Park Avenue, 19th Floor                       Tel: (212) 390-9000
New York, NY 10016                               pselendy@selendygay.com
Tel: (646) 350-0527                              jgoldstein@selendygay.com
kyle@rochefreedman.com                           oshine@selendygay.com
tnormand@rochefreedman.com                       mnobel@selendygay.com
vel@rochefreedman.com
apotter@rochefreedman.com
rcipolla@rochefreedman.com

                                                 _Co-Lead Counsel and Attorneys for_
                                                 _Plaintiffs and the Proposed Class_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2022, I caused the foregoing Notice of Appeal to be served via the Electronic Case Filing (ECF) system in the United States District Court for the Southern District of New York, on all parties registered for CM/ECF in the above-captioned action.

Dated:   April 29, 2022
        New York, NY

                             *s/ Jordan A. Goldstein*
                             Jordan A. Goldstein

# Exhibit B

## U.S. District Court
### Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:20-cv-02803-ALC

| | |
|---|---|
| Lee et al v. Binance et al | Date Filed: 04/03/2020 |
| Assigned to: Judge Andrew L. Carter, Jr | Date Terminated: 03/31/2022 |
| Cause: 15:77 Securities Fraud | Jury Demand: Plaintiff |
| | Nature of Suit: 850 Securities/Commodities |
| | Jurisdiction: Federal Question |

**Lead Plaintiff**

**JD Anderson**        represented by    **Jordan Ari Goldstein**
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
Email: jgoldstein@selendygay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philippe Zuard Selendy**
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9002
Email: pselendy@selendygay.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Corey Hardin**        represented by    **Jordan Ari Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philippe Zuard Selendy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Eric Lee**        represented by    **Jordan Ari Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philippe Zuard Selendy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Brett Messieh**        represented by    **Jordan Ari Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philippe Zuard Selendy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**David Muhammad**                                  represented by    **Jordan Ari Goldstein**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Philippe Zuard Selendy**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Ranjith Thiagarajan**                             represented by    **Jordan Ari Goldstein**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Philippe Zuard Selendy**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Lead Plaintiff**

**Token Fund I LLC**                                represented by    **Jordan Ari Goldstein**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

                                                                      **Philippe Zuard Selendy**
                                                                      (See above for address)
                                                                      *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Eric Lee**
*individually and on behalf of all others similarly situated*

represented by **Devin Freedman**
Roche Freedman LLP
200 South Biscayne Blvd.
Suite 5500
Miami, FL 33131
305-357-3861
Email: vel@rcfllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward John Normand**
Roche Freedman LLP
99 Park Avenue
Suite 1910
New York, NY 10016
917-743-7608
Email: tnormand@rochefreedman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jordan Ari Goldstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kyle William Roche**
Roche Freedman LLP
99 Park Avenue
Suite 1910
New York, NY 10016
646-350-0527
Email: kyle@rochefreedman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philippe Zuard Selendy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Potter**
Roche Freedman LLP
99 Park Avenue
Suite 1910
New York, NY 10016
646-970-7543
Email: apotter@rochefreedman.com
*ATTORNEY TO BE NOTICED*

**Mitchell D. Nobel**
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
Email: mnobel@selendygay.com
*ATTORNEY TO BE NOTICED*

**Oscar Shine**
Selendy Gay Elsberg PLLC
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
Email: oshine@selendygay.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Chase Williams**<br>*individually and on behalf of all others similarly situated* | represented by | **Devin Freedman**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Edward John Normand**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jordan Ari Goldstein**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Kyle William Roche**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Philippe Zuard Selendy**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Alex Potter**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Mitchell D. Nobel**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Oscar Shine**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

V.

**Defendant**

| | | |
|---|---|---|
| **Binance** | represented by | **James P. Rouhandeh**<br>Davis Polk & Wardwell LLP (NYC)<br>450 Lexington Avenue<br>New York, NY 10017<br>(212)-450-4835<br>Fax: (212)-450-3835<br>Email: james.rouhandeh@dpw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Daniel Jacob Schwartz**<br>Davis Polk & Wardwell LLP (NYC)<br>450 Lexington Avenue<br>New York, NY 10017<br>(212)-450-4581<br>Fax: (212)-450-3581<br>Email: daniel.schwartz@dpw.com<br>*ATTORNEY TO BE NOTICED* |
| | | **Maurice Nicholas Sage**<br>Davis Polk & Wardwell LLP (NYC)<br>450 Lexington Avenue<br>New York, NY 10017<br>(212)-450-3140<br>Fax: (212)-701-6140<br>Email: m.nick.sage@davispolk.com<br>*TERMINATED: 10/22/2021* |

**Defendant**

| | | |
|---|---|---|
| **Changpeng Zhao** | represented by | **James P. Rouhandeh** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Daniel Jacob Schwartz** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Maurice Nicholas Sage** |
| | | (See above for address) |
| | | *TERMINATED: 10/22/2021* |

**Defendant**

| | | |
|---|---|---|
| **Yi He** | represented by | **James P. Rouhandeh** |
| *TERMINATED: 04/06/2021* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Daniel Jacob Schwartz** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Maurice Nicholas Sage** |
| | | (See above for address) |
| | | *TERMINATED: 10/22/2021* |

**Defendant**

| | | |
|---|---|---|
| **Roger Wang** | represented by | **James P. Rouhandeh** |
| *TERMINATED: 04/06/2021* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Daniel Jacob Schwartz** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Maurice Nicholas Sage** |
| | | (See above for address) |
| | | *TERMINATED: 10/22/2021* |

**Interested Party**

**Crypto Assets Opportunity Fund LLC**

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | COMPLAINT against Binance, Yi He, Roger Yang, Changpeng Zhao. (Filing Fee $ 400.00, Receipt Number ANYSDC-19331072)Document filed by Eric Lee, Chase Williams..(Roche, Kyle) (Entered: 04/03/2020) | 04/03/2020 |
| 2 | CIVIL COVER SHEET filed. (Attachments: # 1 Rider).(Roche, Kyle) (Entered: 04/03/2020) | 04/03/2020 |
| 3 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Binance, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) Modified on 4/6/2020 (pc). (Entered: 04/03/2020) | 04/03/2020 |
| 4 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Changpeng Zhao, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) Modified on 4/6/2020 (pc). (Entered: 04/03/2020) | 04/03/2020 |
| 5 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Yi He, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) Modified on 4/6/2020 (pc). (Entered: 04/03/2020) | 04/03/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 6 | FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR - REQUEST FOR ISSUANCE OF SUMMONS as to Roger Wang, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) Modified on 4/6/2020 (pc). (Entered: 04/03/2020) | 04/03/2020 |
| 7 | NOTICE OF APPEARANCE by Philippe Zuard Selendy on behalf of Eric Lee, Chase Williams..(Selendy, Philippe) (Entered: 04/03/2020) | 04/03/2020 |
| 8 | NOTICE OF APPEARANCE by Jordan Ari Goldstein on behalf of Eric Lee, Chase Williams..(Goldstein, Jordan) (Entered: 04/03/2020) | 04/03/2020 |
| 9 | NOTICE OF APPEARANCE by Oscar Shine on behalf of Eric Lee, Chase Williams..(Shine, Oscar) (Entered: 04/03/2020) | 04/03/2020 |
| 10 | NOTICE OF APPEARANCE by Mitchell D. Nobel on behalf of Eric Lee, Chase Williams..(Nobel, Mitchell) (Entered: 04/03/2020) | 04/03/2020 |
| 11 | NOTICE OF APPEARANCE by Edward John Normand on behalf of Eric Lee, Chase Williams..(Normand, Edward) (Entered: 04/04/2020) | 04/04/2020 |
|  | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Kyle William Roche. The party information for the following party/parties has been modified: Eric Lee, Chase Williams. The information for the party/parties has been modified for the following reason/reasons: party text was omitted;. (pc) (Entered: 04/06/2020) | 04/06/2020 |
|  | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Andrew L. Carter, Jr. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district-judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf-related-instructions..(pc) (Entered: 04/06/2020) | 04/06/2020 |
|  | Magistrate Judge Gabriel W. Gorenstein is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf. (pc) (Entered: 04/06/2020) | 04/06/2020 |
|  | Case Designated ECF. (pc) (Entered: 04/06/2020) | 04/06/2020 |
|  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Kyle William Roche to RE-FILE Document No. 5 Request for Issuance of Summons, 6 Request for Issuance of Summons, 3 Request for Issuance of Summons, 4 Request for Issuance of Summons. The filing is deficient for the following reason(s): the date field on the official A.O. Summons form was completed by the attorney;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (pc) (Entered: 04/06/2020) | 04/06/2020 |
| 12 | REQUEST FOR ISSUANCE OF SUMMONS as to Binance, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) (Entered: 04/06/2020) | 04/06/2020 |
| 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Changpeng Zhao, re: 1 Complaint. Document filed by Eric Lee, Chase Williams.. (Roche, Kyle) (Entered: 04/06/2020) | 04/06/2020 |
| 14 | REQUEST FOR ISSUANCE OF SUMMONS as to Yi He, re: 1 Complaint. Document filed by Eric Lee, Chase Williams..(Roche, Kyle) (Entered: 04/06/2020) | 04/06/2020 |
| 15 | REQUEST FOR ISSUANCE OF SUMMONS as to Roger Wang, re: 1 Complaint. Document filed by Eric Lee, Chase Williams.. (Roche, Kyle) (Entered: 04/06/2020) | 04/06/2020 |
| 16 | ELECTRONIC SUMMONS ISSUED as to Changpeng Zhao..(pc) (Entered: 04/07/2020) | 04/07/2020 |
| 17 | ELECTRONIC SUMMONS ISSUED as to Yi He..(pc) (Entered: 04/07/2020) | 04/07/2020 |
| 18 | ELECTRONIC SUMMONS ISSUED as to Binance..(pc) (Entered: 04/07/2020) | 04/07/2020 |
|  | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Kyle William Roche. The party information for the following party/parties has been modified: Roger Yang. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error;. (pc) (Entered: 04/07/2020) | 04/07/2020 |
| 19 | ELECTRONIC SUMMONS ISSUED as to Roger Wang..(pc) (Entered: 04/07/2020) | 04/07/2020 |
| 20 | NOTICE OF APPEARANCE by Alex Potter on behalf of Eric Lee, Chase Williams..(Potter, Alex) (Entered: 05/13/2020) | 05/13/2020 |
| 21 | MOTION for Devin Freedman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-19827623. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Eric Lee, Chase Williams. (Attachments: # 1 Affidavit of Devin Freedman, # 2 Exhibit A, # 3 Proposed Order).(Freedman, Devin) (Entered: 05/14/2020) | 05/14/2020 |
|  | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 21 MOTION for Devin Freedman to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC-19827623. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ad) (Entered: 05/14/2020) | 05/14/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 22 | ORDER FOR ADMISSION PRO HAC VICE granting 21 Motion for Devin Freedman to Appear Pro Hac Vice. (Signed by Judge Andrew L. Carter, Jr on 5/18/2020) (ama) (Entered: 05/18/2020) | 05/18/2020 |
| 23 | MOTION for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel . Document filed by Chase Williams, JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC. (Attachments: # 1 Text of Proposed Order).(Selendy, Philippe) (Entered: 06/08/2020) | 06/08/2020 |
| 24 | MEMORANDUM OF LAW in Support re: 23 MOTION for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel . . Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Selendy, Philippe) (Entered: 06/08/2020) | 06/08/2020 |
| 25 | DECLARATION OF KYLE W. ROCHE in Support re: 23 MOTION for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel .. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. (Attachments: # 1 Exhibit A - Certification, # 2 Exhibit B - Roche Cyrulnik Freedman Firm Resume, # 3 Exhibit C - Press Release, # 4 Exhibit D - Loss Chart).(Selendy, Philippe) (Entered: 06/08/2020) | 06/08/2020 |
| 26 | DECLARATION of JORDAN A. GOLDSTEIN in Support re: 23 MOTION for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel .. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. (Attachments: # 1 Exhibit A - Selendy & Gay Firm Resume).(Goldstein, Jordan) (Entered: 06/08/2020) | 06/08/2020 |
| 27 | CERTIFICATE OF SERVICE of Motion for Appointment as Lead Plaintiffs and Approval of Selection of Co-Lead Counsel, Proposed Order Appointing Lead Plaintiffs and Approving Selection of Co-Lead Counsel, Memorandum of Law in Support of Motion for Appointment as Lead Plaintiffs and Approval of Selection of Roche Cyrulnik Freedman LLP and Selendy & Gay PLLC as Co-Lead Counsel, Declaration of Jordan A. Goldstein and accompanying exhibit, and Declaration of Kyle W. Roche and accompanying exhibits served on Yi He, Roger Wang, Changpeng Zhao, Binance on June 10, 2020. Service was made by MAIL. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 06/10/2020) | 06/10/2020 |
| 28 | SUMMONS RETURNED EXECUTED Summons and Complaint served. Binance served on 5/5/2020. Document filed by Chase Williams; Eric Lee..(Goldstein, Jordan) (Entered: 06/11/2020) | 06/11/2020 |
| 29 | LETTER addressed to The Clerk of Court from Jordan A. Goldstein dated 6/10/2020 re: LETTER addressed to The Clerk of Court from Jordan A. Goldstein dated 6/10/2020 re: Pursuant to F.R.C.P. 5(b)(2)(D), with regard Defendant Yi He, counsel for Plaintiff, serve upon the Clerk of Court the following papers: (1) Notice of JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Chase Williams, and Token Fund I LLC's Motion for Appointment as Lead Plaintiff and Approval of Selection of Roche Cyrulnik Freedman LLP and Selendy and gay PLLC as Co-Lead Counsel; (2) Proposed Order Appointing Lead Plaintiff and Approving Selection of Co-Lead Counsel; (3) Joel Deutsch's Memorandum of Law in Support of His Motion for Appointment as Lead Plaintiff and Approval of Selection of Roche Cyrulnik Freedman LLP and Selendy ad Gay PLLC as Co-Lead Counsel; (4) Declaration of Jordan A. Goldstein and accompanying exhibit, and (5) Declaration of Kyle W. Roche and accompanying exhibits. Document filed by Alexander Clifford. Document filed by Alexander Clifford. Document filed by Eric Lee, Chase Williams. (tro) (Entered: 06/18/2020) | 06/17/2020 |
| 30 | LETTER addressed to The Clerk of Court from Jordan A. Goldstein dated 6/10/2020 re: LETTER addressed to The Clerk of Court from Jordan A. Goldstein dated 6/10/2020 re: Pursuant to F.R.C.P. 5(b)(2)(D), with regard Defendant Roger Wang, counsel for Plaintiff, serve upon the Clerk of Court the following papers: (1) Notice of JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Chase Williams, and Token Fund I LLC's Motion for Appointment as Lead Plaintiff and Approval of Selection of Roche Cyrulnik Freedman LLP and Selendy and gay PLLC as Co-Lead Counsel; (2) Proposed Order Appointing Lead Plaintiff and Approving Selection of Co-Lead Counsel; (3) Joel Deutsch's Memorandum of Law in Support of His Motion for Appointment as Lead Plaintiff and Approval of Selection of Roche Cyrulnik Freedman LLP and Selendy ad Gay PLLC as Co-Lead Counsel; (4) Declaration of Jordan A. Goldstein and accompanying exhibit, and (5) Declaration of Kyle W. Roche and accompanying exhibits. Document filed by Alexander Clifford. Document filed by Alexander Clifford. Document filed by Eric Lee, Chase Williams..(tro) (Entered: 06/18/2020) | 06/17/2020 |
| 31 | LETTER MOTION for Conference re: Plaintiffs' Anticipated Motion to Join and to File the Proposed Amended Complaint addressed to Judge Andrew L. Carter, Jr. from Jordan A. Goldstein dated July 1, 2020. Document filed by Eric Lee, Chase Williams. (Attachments: # 1 Exhibit 1 - Proposed Amended Complaint, # 2 Exhibit 2 - Redline).(Goldstein, Jordan) (Entered: 07/01/2020) | 07/01/2020 |
| 32 | CERTIFICATE OF SERVICE of Letter Motion for Conference regarding Plaintiffs Anticipated Motion to Join and to File the Proposed Amended Complaint, Exhibit 1 thereto (Proposed Amended Complaint), and Exhibit 2 thereto (redline) served on Yi He c/o Clerk of the Court, Roger Wang c/o Clerk of the Court, Changpeng Zhao, and Binance on July 2, 2020. Document filed by Eric Lee, Chase Williams..(Goldstein, Jordan) (Entered: 07/02/2020) | 07/02/2020 |
| 33 | LETTER addressed to The Clerk of the Court from Jordan A. Goldstein dated 7/2/2020 re: Counsel for Plaintiff write this letter pursuant to F.R.C.P. 5(b)(2)(D), with regard to Defendant Yi He, and serve upon the Clerk of the Court the following papers: the Letter Motion for Conference regarding Plaintiffs' Anticipated Motion to Join and to File the Proposed Amended Complaint, Exhibit 1 thereto (Proposed Amended Complaint), and Exhibit 2 thereto (redline). Document filed by Eric Lee, Chase Williams..(tro) (Entered: 07/09/2020) | 07/08/2020 |

| #  | Docket Text | Date Filed |
|----|-------------|------------|
| 34 | LETTER addressed to The Clerk of the Court from Jordan A. Goldstein dated 7/2/2020 re: Counsel for Plaintiff write this letter pursuant to F.R.C.P. 5(b)(2)(D), with regard to Defendant Roger Wang, and serve upon the Clerk of Court the following papers: the Letter Motion for Conference regarding Plaintiffs' Anticipated Motion to Join and to File the Proposed Amended Complaint, Exhibit 1 thereto (Proposed Amended Complaint), and Exhibit 2 thereto (redline). Document filed by Eric Lee, Chase Williams.(tro) (Entered: 07/09/2020) | 07/08/2020 |
| 35 | NOTICE OF APPEARANCE by James P. Rouhandeh on behalf of Binance, Yi He, Roger Wang, Changpeng Zhao..(Rouhandeh, James) (Entered: 08/24/2020) | 08/24/2020 |
| 36 | NOTICE OF APPEARANCE by Daniel Jacob Schwartz on behalf of Binance, Yi He, Roger Wang, Changpeng Zhao..(Schwartz, Daniel) (Entered: 08/24/2020) | 08/24/2020 |
| 37 | NOTICE OF APPEARANCE by Maurice Nicholas Sage on behalf of Binance, Yi He, Roger Wang, Changpeng Zhao..(Sage, Maurice) (Entered: 08/24/2020) | 08/24/2020 |
| 38 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Binance..(Rouhandeh, James) (Entered: 08/24/2020) | 08/24/2020 |
| 39 | PROPOSED STIPULATION AND ORDER. Document filed by Eric Lee, Chase Williams..(Goldstein, Jordan) (Entered: 08/24/2020) | 08/24/2020 |
| 40 | ORDER APPOINTING LEAD PLAINTIFFS AND APPROVING SELECTION OF CO-LEAD COUNSEL granting 23 Motion for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel. IT IS HEREBY ORDERED THAT: 1. JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Chase Williams, and Token Fund I LLC are appointed Lead Plaintiffs in the above- captioned action. 2. The Court designates the law firms Roche Cyrulnik Freedman LLP and Selendy & Gay PLLC as Co-Lead Counsel in this action. 3. Co-Lead Counsel shall be generally responsible for coordinating activities during pretrial proceedings and shall: a. Determine and present (in briefs, oral argument, or other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Lead Plaintiffs and the proposed class on all matters arising during pretrial proceedings; b. Coordinate the conduct of discovery on behalf of Lead Plaintiffs and the proposed class consistent with the requirements of Rule 26 of the Federal Rule of Civil Procedure, including preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions; c. Conduct settlement negotiations on behalf of Lead Plaintiffs and the proposed class; d. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation; e. Prepare the case for and conduct trial; and f. Perform such other duties as may be incidental to the proper coordination of pretrial and trial activities or authorized by future order of the Court. 4. All securities class action raising similar claims subsequently filed in or transferred to the United States District Court for the Southern District of New York shall be consolidated into this action, and this Order shall apply to every such action, absent any further order of the Court. (Signed by Judge Andrew L. Carter, Jr on 8/26/2020) (rj) (Entered: 08/26/2020) | 08/26/2020 |
| 41 | JOINT STIPULATION AND ORDER REGARDING SERVICE OF PROCESS AND SCHEDULE: IT IS ACCORDINGLY STIPULATED, by and between the undersigned counsel for the Parties, subject to the Court's approval, as follows: The undersigned counsel for Defendants hereby waives service on behalf of all Defendants; provided, however, that the acceptance of service and entry into this Stipulation shall not waive, and Defendants expressly preserve, all rights, claims, and defenses, including, but not limited to, all defenses relating to jurisdiction and venue, except a defense as to the sufficiency of service of the summons and complaint and the form of the summons; Defendants shall have no obligation to answer, move against, or otherwise respond to the Initial Complaint or the Proposed Amended Complaint unless otherwise ordered by the Court. Plaintiffs shall file an amended class action complaint (the "Amended Class Action Complaint") within 60 days after the entry of the Court's order appointing lead plaintiffs and approving lead counsel. Defendants shall answer, move against, or otherwise respond to the Amended Class Action Complaint within 60 days after Plaintiffs file the Amended Class Action Complaint. If Defendants move to dismiss the Amended Class Action Complaint, Plaintiffs shall file any opposition to the motion to dismiss within 45 days after the filing of the motion, and Defendants shall file any reply within 30 days after the filing of the opposition to the motion to dismiss. SO ORDERED. (Signed by Judge Andrew L. Carter, Jr on 8/26/2020) (ama) (Entered: 08/26/2020) | 08/26/2020 |
| 42 | FILING ERROR - PDF ERROR - AMENDED COMPLAINT amending 1 Complaint against Binance, Yi He, Roger Wang, Changpeng Zhao with JURY DEMAND.Document filed by David Muhammad, Brett Messieh, Token Fund I LLC, Corey Hardin, Ranjith Thiagarajan, JD Anderson, Eric Lee. Related document: 1 Complaint. (Attachments: # 1 Exhibit A - Anderson, JD Certification, # 2 Exhibit B - Hardin, Corey Certification, # 3 Exhibit C - Lee, Eric Certification, # 4 Exhibit D - Messieh, Brett Certification, # 5 Exhibit E - Muhammad, David Certification, # 6 Exhibit F - Thiagarajan, Ranjith Certification, # 7 Exhibit G - Williams, Chase Certification, # 8 Exhibit H - Token Fund I LLC Certification).(Selendy, Philippe) Modified on 9/11/2020 (pne). (Entered: 09/10/2020) | 09/10/2020 |
|    | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Philippe Zuard Selendy to RE-FILE Document No. 42 Amended Complaint,,. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the pleading is not correct; remove the word 'PROPOSED' from the PDF. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the corrected PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (pne) (Entered: 09/11/2020) | 09/11/2020 |
| 43 | AMENDED COMPLAINT amending 1 Complaint against Binance, Yi He, Roger Wang with JURY DEMAND.Document filed by David Muhammad, Brett Messieh, Token Fund I LLC, Corey Hardin, Ranjith Thiagarajan, JD Anderson, Eric Lee. Related document: 1 Complaint. (Attachments: # 1 A - Anderson, JD Certification, # 2 Exhibit B - Hardin, Corey Certification, # 3 Exhibit C - Lee, Eric Certification, # 4 Exhibit D - Messieh, Brett Certfication, # 5 Exhibit E - Muhammed, David Certification, # 6 Exhibit F - Thiagaranjan, Raleigh Certification, # 7 Exhibit G - Williams, Chase Certification, # 8 Exhibit H - Token Fund I LLC Certification).(Selendy, Philippe) (Entered: 09/11/2020) | 09/11/2020 |

| # | Docket Text | Date Filed |
|---|---|---|
| 44 | LETTER MOTION for Conference re: Plaintiffs' anticipated motion to coordinate addressed to Judge Andrew L. Carter, Jr. from Jordan A. Goldstein and Kyle W. Roche dated September 16, 2020. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC..(Goldstein, Jordan) (Entered: 09/16/2020) | 09/16/2020 |
| 45 | LETTER addressed to Judge Andrew L. Carter, Jr. from Daniel L. Berger dated September 17, 2020 re: Plaintiffs' Sept. 16, 2020 Letter. Document filed by Crypto Assets Opportunity Fund LLC..(Berger, Daniel) (Entered: 09/17/2020) | 09/17/2020 |
| 46 | LETTER addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated September 21, 2020 re: Plaintiffs' request for a pre-motion conference. Document filed by Binance..(Rouhandeh, James) (Entered: 09/21/2020) | 09/21/2020 |
| 47 | LETTER addressed to Judge Andrew L. Carter, Jr. from Jordan Goldstein and Kyle Roche dated September 22, 2020 re: in response to letters that have been submitted by counsel. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC..(Goldstein, Jordan) (Entered: 09/22/2020) | 09/22/2020 |
| 48 | LETTER addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated September 25, 2020 re: Apprising the Court of a Subsequent Development that is Related to Defendants' Response [Dkt. No. 46] to Plaintiffs' Request for a Pre-Motion Conference Regarding their Anticipated Motion to Coordinate the ICO Cases.. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao. (Attachments: # 1 Exhibit A- PLS Memo Endorsement of Dkt 30 Letter, # 2 Exhibit B- PLS Memo Endorsement of Dkt 52 Letter).(Rouhandeh, James) (Entered: 09/25/2020) | 09/25/2020 |
| 49 | ORDER denying 44 Letter Motion for Conference. Plaintiffs' Motion for Coordination is hereby Denied. So Ordered. (Signed by Judge Andrew L. Carter, Jr on 10/5/2020) (js) (Entered: 10/06/2020) | 10/05/2020 |
| 50 | LETTER MOTION for Conference Regarding Defendants' Anticipated Motion to Dismiss the Amended Class Action Complaint addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated November 10, 2020. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao..(Rouhandeh, James) (Entered: 11/10/2020) | 11/10/2020 |
| 51 | LETTER addressed to Judge Andrew L. Carter, Jr. from Jordan A. Goldstein and Kyle W. Roche dated November 16, 2020 re: Defendants' November 10, 2020 letter. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. (Attachments: # 1 Exhibit 1 - Article by Michael del Castillo, Forbes, Leaked 'Tai Chi' Document Reveals Binance's Elaborate Scheme To Evade Bitcoin Regulators (Oct. 29, 2020)).(Goldstein, Jordan) (Entered: 11/16/2020) | 11/16/2020 |
| 52 | ORDER terminating 50 Motion for Conference. The Court is in receipt of the parties' pre-motion conference letters. ECF Nos. 50-51. Upon review of the submissions, the Court denies Defendants' requests for a pre-motion conference. The Court hereby grants Plaintiffs leave to amend their complaint and Defendants leave to file a motion to dismiss the amended complaint. The parties are hereby ORDERED to submit a joint status report with a proposed schedule for amending the complaint and briefing the motion to dismiss by December 15, 2020. The Clerk of Court is directed to terminate ECF No. 50. SO ORDERED.. (Signed by Judge Andrew L. Carter, Jr on 12/8/2020) (ks) (Entered: 12/08/2020) | 12/08/2020 |
| 53 | PROPOSED STIPULATION AND ORDER. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 12/14/2020) | 12/14/2020 |
| 54 | JOINT STIPULATION AND ORDER: IT IS ACCORDINGLY HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for the Parties, subject to the Courts approval, as follows: All prior deadlines related to Defendants response to the ACAC are vacated. Plaintiffs shall file the SACAC within fourteen (14) days after the date on which the Court so-orders this proposed schedule. Defendants shall answer, move against, or otherwise respond to the SACAC sixty (60) days after the date on which Plaintiffs file the SACAC. Plaintiffs shall oppose any motion to dismiss sixty (60) days after the date on which Defendants file such motion. Defendants shall file any reply in further support of any motion to dismiss forty- five (45) days after Plaintiffs file their opposition. For the avoidance of doubt, Defendants shall not be required to file an additional pre-motion letter pursuant to Rule 2.A of the Courts Individual Practices prior to filing any motion to dismiss contemplated by this stipulation. Any deadline contemplated by this stipulation that falls on a weekend or federal holiday shall be extended to the next business day. So Ordered. (Signed by Judge Andrew L. Carter, Jr on 12/15/2020) (js) (Entered: 12/15/2020) | 12/15/2020 |
| 55 | SECOND AMENDED COMPLAINT amending 43 Amended Complaint,, against Binance, Yi He, Roger Wang, Changpeng Zhao with JURY DEMAND.Document filed by David Muhammad, Brett Messieh, Token Fund I LLC, Ranjith Thiagarajan, JD Anderson, Eric Lee. Related document: 43 Amended Complaint,,..(Selendy, Philippe) (Entered: 12/15/2020) | 12/15/2020 |
| 56 | PROPOSED STIPULATION AND ORDER. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao..(Rouhandeh, James) (Entered: 02/10/2021) | 02/10/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 57 | STIPULATION AND ORDER REGARDING MOTION TO DISMISS BRIEFING: NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, subject to the Court's approval, as follows: The page limit for defendants' memorandum of law in support of any motion to dismiss the SACAC shall be 35 pages. For the avoidance of doubt, defendants shall file a single memorandum of law on behalf of all defendants. The page limit for plaintiffs' memorandum of law in opposition to any motion to dismiss the SACAC shall be 35 pages. For the avoidance of doubt, plaintiffs shall file a single memorandum of law on behalf of all plaintiffs. The page limit for defendants' reply memorandum of law in further support of any motion to dismiss the SACAC (the "Reply Memorandum") shall be 14 pages. For the avoidance of doubt, defendants shall file a single reply memorandum of law on behalf of all defendants. Defendants reserve the right to seek from the Court a further enlargement of the page limit for the Reply Memorandum, and plaintiffs reserve the right to oppose any such request. This stipulation may be executed in counterparts, and copies thereof furnished by facsimile or in electronic format shall be deemed originals for all purposes. (Signed by Judge Andrew L. Carter, Jr on 2/11/2021) (js) (Entered: 02/11/2021) | 02/11/2021 |
| 58 | MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao..(Rouhandeh, James) (Entered: 02/16/2021) | 02/16/2021 |
| 59 | MEMORANDUM OF LAW in Support re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration. . Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao..(Rouhandeh, James) (Entered: 02/16/2021) | 02/16/2021 |
| 60 | DECLARATION of James P. Rouhandeh in Support re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration.. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao. (Attachments: # 1 Exhibit 1. Binance Terms of Use, last revised February 20, 2019, # 2 Exhibit 2. Binance's FAQ webpage, # 3 Exhibit 3. Table of dates of plaintiffs' purchases, # 4 Exhibit 4. SEC website entitled "National Securities Exchanges", # 5 Exhibit 5. SEC website entitled "Company Information About Active Broker-Dealers", # 6 Exhibit 6. Publication of SEC Strategic Hub for Innovation and Financial Technology, dated April 3, 2019, # 7 Exhibit 7. SEC Exchange Act Release No. 81207, dated July 25, 2017, # 8 Exhibit 8. Statement of SEC Divisions of Enforcement and Trading Markets, dated March 7, 2018, # 9 Exhibit 9. CNBC article dated June 6, 2018, # 10 Exhibit 10. Remarks of William Hinman, SEC Director of Corporate Finance, # 11 Exhibit 11. Binance Terms of Use, last revised July 6, 2017, # 12 Exhibit 12. Binance Terms of Use, last revised January 13, 2021, # 13 Exhibit 13. Table of blue sky law statutory sections).(Rouhandeh, James) (Entered: 02/16/2021) | 02/16/2021 |
| 61 | LETTER addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated February 24, 2021 re: Supplemental Authority that supports Defendants' pending Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or to Compel Arbitration. Document filed by Binance, Yi He, Roger Wang, Changpeng Zhao. (Attachments: # 1 Exhibit A- Supplemental Authority).(Rouhandeh, James) (Entered: 02/24/2021) | 02/24/2021 |
| 62 | PROPOSED STIPULATION AND ORDER. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 04/05/2021) | 04/05/2021 |
| 63 | STIPULATION AND ORDER REGARDING VOLUNTARY DISMISSAL OF DEFENDANTS HE AND WANG: IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, that all of claims alleged against Defendants He and Wang in the above-captioned action are voluntarily dismissed pursuant to Federal Rule of Civil Procedure 4 I(a) (l)(A)(ii). IT IS FURTHER STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, that the briefing schedule regarding Defendants' motion to dismiss (ECF No. 57) shall remain in full force and effect. IT IS FURTHER STIPULATED AND AGREED, by and between the Parties, through their undersigned counsel, that the claims against Defendants Binance and Changpeng Zhao shall not be affected by this Stipulation and Proposed Order. SO ORDERED. Yi He and Roger Wang terminated. (Signed by Judge Andrew L. Carter, Jr on 4/6/2021) (kv) (Entered: 04/06/2021) | 04/06/2021 |
| 64 | MEMORANDUM OF LAW in Opposition re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration. . Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 04/19/2021) | 04/19/2021 |
| 65 | DECLARATION of Kyle W. Roche in Opposition re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration.. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. (Attachments: # 1 Exhibit 1 - Binance Registration Page Screen Shot, # 2 Exhibit 2 - 2018.02.28 Forbes Article, # 3 Exhibit 3 - 2019.03.07 Twitter Screenshot, # 4 Exhibit 4 - 2021.01.29 Twitter Screenshot, # 5 Exhibit 5 - 2021.01.29 Twitter Screenshot, # 6 Exhibit 6 - 2019.05.27 Twitter Screenshot).(Goldstein, Jordan) (Entered: 04/19/2021) | 04/19/2021 |
| 66 | REPLY MEMORANDUM OF LAW in Support re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration. . Document filed by Binance, Changpeng Zhao..(Rouhandeh, James) (Entered: 06/03/2021) | 06/03/2021 |
| 67 | DECLARATION of James P. Rouhandeh in Support re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration.. Document filed by Binance, Changpeng Zhao. (Attachments: # 1 Exhibit 1- Declaration of Corey Hardin, # 2 Exhibit 2- Declaration of David Muhammad, # 3 Exhibit 3- Declaration of Chase Williams, # 4 Exhibit 4- States with Blue Sky Law Limitations Periods of 1 or 2 Years).(Rouhandeh, James) (Entered: 06/03/2021) | 06/03/2021 |
| 68 | LETTER MOTION for Oral Argument on Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated June 4, 2021. Document filed by Binance, Changpeng Zhao..(Rouhandeh, James) (Entered: 06/04/2021) | 06/04/2021 |
| 69 | LETTER MOTION for Oral Argument addressed to Judge Andrew L. Carter, Jr. from Kyle W. Roche and Jordan A. Goldstein dated June 7, 2021. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 06/07/2021) | 06/07/2021 |

| # | Docket Text | Date Filed |
|---|---|---|
| 70 | LETTER addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated June 25, 2021 re: Supplemental Authority supporting Defendants' pending Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint. Document filed by Binance, Changpeng Zhao. (Attachments: # 1 Exhibit A - Supplemental Authority).(Rouhandeh, James) (Entered: 06/25/2021) | 06/25/2021 |
| 71 | LETTER addressed to Judge Andrew L. Carter, Jr. from Jordan A. Goldstein and Kyle W. Roche dated June 27, 2021 re: In Response to Defendants' June 25, 2021 Letter re Supplemental Authority. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams..(Goldstein, Jordan) (Entered: 06/27/2021) | 06/27/2021 |
| 72 | LETTER addressed to Judge Andrew L. Carter, Jr. from M. Nick Sage dated October 22, 2021 re: Withdrawal of M. Nick Sage as Counsel for Defendants Binance and Changpeng Zhao. Document filed by Binance, Changpeng Zhao..(Sage, Maurice) (Entered: 10/22/2021) | 10/22/2021 |
| 73 | MEMO ENDORSEMENT on re: 72 Letter filed by Binance, Changpeng Zhao. ENDORSEMENT: SO ORDERED. Attorney Maurice Nicholas Sage terminated. (Signed by Judge Andrew L. Carter, Jr on 10/22/2021) (ate) (Entered: 10/22/2021) | 10/22/2021 |
| 74 | LETTER addressed to Judge Andrew L. Carter, Jr. from Jordan A. Goldstein and Kyle W. Roche dated December 13, 2021 re: Notice of Supplemental Authority. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. (Attachments: # 1 Exhibit A - Supplemental Authority).(Goldstein, Jordan) (Entered: 12/13/2021) | 12/13/2021 |
| 75 | LETTER addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated December 17, 2021 re: Response to Plaintiffs' Notice of Supplemental Authority. Document filed by Binance, Changpeng Zhao..(Rouhandeh, James) (Entered: 12/17/2021) | 12/17/2021 |
| 76 | NOTICE OF CHANGE OF ADDRESS by Jordan Ari Goldstein on behalf of JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. New Address: Selendy Gay Elsberg PLLC,..(Goldstein, Jordan) (Entered: 02/15/2022) | 02/15/2022 |
| 77 | OPINION AND ORDER re: 58 MOTION to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration. filed by Roger Wang, Binance, Changpeng Zhao, Yi He, 69 LETTER MOTION for Oral Argument addressed to Judge Andrew L. Carter, Jr. from Kyle W. Roche and Jordan A. Goldstein dated June 7, 2021. filed by Brett Messieh, Eric Lee, David Muhammad, Chase Williams, Token Fund I LLC, Corey Hardin, JD Anderson, Ranjith Thiagarajan, 68 LETTER MOTION for Oral Argument on Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint and/or Compel Arbitration addressed to Judge Andrew L. Carter, Jr. from James P. Rouhandeh dated June 4, 2021. filed by Binance, Changpeng Zhao. For the reasons above, Defendants' motion to dismiss is GRANTED and the Second Amended Complaint is DISMISSED. The parties requests for oral argument are DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 58, 68, 69. SO ORDERED. (Signed by Judge Andrew L. Carter, Jr on 3/31/2022) (jca) (Entered: 03/31/2022) | 03/31/2022 |
|  | Transmission to Orders and Judgments Clerk. Transmitted re: 77 Memorandum & Opinion to the Orders and Judgments Clerk. (jca) (Entered: 04/01/2022) | 03/31/2022 |
| 78 | CLERK'S JUDGMENT re: 77 Memorandum & Opinion in favor of Binance, Changpeng Zhao against Token Fund I LLC, Brett Messieh, Chase Williams, Corey Hardin, David Muhammad, Eric Lee, JD Anderson, Ranjith Thiagarajan. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated March 31, 2022, Defendants' motion to dismiss is GRANTED and the Second Amended Complaint is DISMISSED. (Signed by Clerk of Court Ruby Krajick on 3/31/2022) (Attachments: # 1 Right to Appeal) (km) (Entered: 04/04/2022) | 03/31/2022 |
| 79 | NOTICE OF APPEAL from 77 Memorandum & Opinion,,,, 78 Clerk's Judgment,,. Document filed by JD Anderson, Corey Hardin, Eric Lee, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC, Chase Williams. Filing fee $ 505.00, receipt number ANYSDC-26079404. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit..(Goldstein, Jordan) Modified on 4/29/2022 (nd). (Entered: 04/29/2022) | 04/29/2022 |
|  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 79 Notice of Appeal,..(nd) (Entered: 04/29/2022) | 04/29/2022 |
|  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 79 Notice of Appeal, filed by Brett Messieh, Eric Lee, David Muhammad, Chase Williams, Token Fund I LLC, Corey Hardin, JD Anderson, Ranjith Thiagarajan were transmitted to the U.S. Court of Appeals..(nd) (Entered: 04/29/2022) | 04/29/2022 |

# Exhibit C

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___3/31/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| **JD ANDERSON ET AL.,** |
| **Plaintiffs,** |
| -against- |
| **BINANCE ET AL.,** |
| **Defendants.** |

**1:20-cv-2803 (ALC)**
**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Defendants' motion to dismiss Plaintiffs' putative class action. ECF

No. 58. For the reasons that follow, Defendants' motion to dismiss is granted.

## BACKGROUND

The following facts are taken from allegations contained in Plaintiffs' Second Amended

Class Action Complaint ("SAC") and are presumed to be true for purposes of resolving

Defendants' motion to dismiss. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d

Cir. 2007).

Plaintiffs are investors who bought certain digital tokens—EOS, QSP, KNC, TRX, FUN,

ICX, OMG, LEND, and ELF—on Defendant Binance, a digital exchange.[1] Digital tokens may

operate as "utility tokens," which permit the holder of the token to participate in projects associated

with the token, or as "security tokens," which function similarly to a traditional security and are

classified as securities under federal and state law. Accordingly, issuers of security tokens must

file registration statements with the U.S. Securities and Exchange Commission ("SEC") and a

platform where security tokens are traded must register with the SEC as an exchange.

---

[1] Binance's headquarters are located in Malta. Defendant Changpeng Zhao is the Chief Executive Officer of Binance and resides in Taiwan.

Plaintiffs allege that, beginning on July 1, 2017, Defendants promoted, offered, and sold in the United States the above-referenced digital tokens through Binance. Issuers would sell tokens to investors in an initial coin offering ("ICO"), listing the token on Binance. Binance would then promote the sale of the tokens. Issuers compensated Binance for listing their tokens and Binance received a percentage of each trade.

According to Plaintiffs, Binance's representations did not make clear to investors upon purchase that the tokens were securities. Investors were only apprised of the tokens' status as securities on April 3, 2019, when the SEC issued a report, "The Framework for 'Investment Contract' Analysis of Digital Assets" ("Framework"), which categorized the tokens as securities under Section 2 of the Securities Act of 1933 ("Securities Act") and Section 3 of the Securities Exchange Act of 1934 ("Exchange Act").

## PROCEDURAL HISTORY

Plaintiffs initiated this Action on April 3, 2020. ECF No. 1. On August 26, 2020, the Court appointed lead plaintiffs and designated co-lead counsel. ECF No. 40. On September 11, 2020, Plaintiffs filed an Amended Class Action Complaint. ECF No. 43. On December 15, 2020, Plaintiffs filed a Second Amended Class Action Complaint. ECF No. 55. The complaint contains 327 pages and includes 154 causes of action, five of which allege violations of federal laws. Plaintiffs allege that, in violation of the Securities Act, the Exchange Act and state Blue Sky protections, Defendants did not register Binance as an exchange or a broker dealer and Binance did not file a registration statement for the securities it sold. Thus, investors were not afforded the protections of securities laws and were not made aware of the risks of their investments.

On February 16, 2021, Defendants filed the instant motion to dismiss. ECF No. 58. After Defendants filed their motion to dismiss, Plaintiffs voluntarily dismissed individual defendants

Yi He and Roger Wang. ECF No. 63. Plaintiffs filed their opposition on April 19, 2021. ECF No. 64. In their opposition, Plaintiffs abandoned their claims related to the BNT, CVC, and SNT tokens. *Id.* at 3 n.3. On June 3, 2021, Defendants filed their reply in support of their motion to dismiss. ECF No. 66.

## STANDARD OF REVIEW

When resolving a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks and citations omitted). Thus, "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). Additionally, "[a]lthough the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (internal quotation marks and citations omitted).

**DISCUSSION**

Plaintiffs bring federal claims against Defendants pursuant to Section 12(a)(1) of the Securities Act and Section 29(b) of the Exchange Act. Second Am. Compl., ECF No. 55 ¶¶ 362–404; 15 U.S.C. §§ 77*l*(a)(1), 78cc. Plaintiffs also bring state Blue Sky claims under 28 U.S.C. § 1367(a) and 28 U.S.C. § 1332. As discussed below, Plaintiffs' claims are dismissed because the relevant securities laws do not apply extraterritorially and because they are barred by the statute of limitations.

### I.    Statute of Limitations

#### a.    Securities Act Claims

Claims brought under Section 12(a)(1) of the Securities Act must be brought "within one year after the violation upon which it is based." 15 U.S.C. § 77m. The parties agree that seven of the nine tokens at issue—QSP, KNC, FUN, ICX, OMG, LEND, and ELF—were last purchased in 2018, more than a year before this action was brought. Plaintiffs argue that the Court should apply the equitable doctrines of injury evading discovery or the fraud-based discovery rule and accordingly hold that the limitations period was not triggered until April 3, 2019, when the Framework was published. Pls.' Br., ECF No. 64 at 19. Until the Framework was issued, Plaintiffs argue, investors did not have the requisite information to determine whether the tokens were securities or whether Defendants' statements about the tokens' status were fraudulent. *Id*.

Plaintiffs' arguments fail. As Plaintiff acknowledges, Section 12(a)(1) does not include a statutory discovery rule. *Id*. The Supreme Court has warned against adopting an "expansive approach to the discovery rule," and applying an "[a]textual judicial supplementation [which] is particularly inappropriate when, as here, Congress has shown that it knows how to adopt the omitted language or provision." *Rotkiske v. Klemm*, 140 S. Ct. 355, 361 (2019). Section 12(a)(1)

explicitly states that the limitations period runs upon the occurrence of the violation, not the discovery of the violation, and "[i]t is not [the courts'] role to second-guess Congress' decision to include a 'violation occurs' provision, rather than a discovery provision." *Id*. Indeed, Courts in this District have dismissed as untimely similar claims brought by Plaintiffs' counsel, rejecting the plaintiffs' argument for applying a discovery rule. *See In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 534 F. Supp. 3d 326, 338–39 (S.D.N.Y. 2021); *see also Holsworth v. BProtocol Found.*, No. 20-cv-2810 (AKH), 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021).

The claims related to the sales of the two tokens—EOS and TRX—which Plaintiffs allege were bought within one year of initiating this case are also time barred. Under Section 12(a)(1), Plaintiffs may only bring claims against a defendant who is a statutory seller, which is defined as a defendant who "(1) passed title or other interest in a security to a buyer for value, or (2) successfully solicit[ed] the purchase." *In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 359 (2d Cir. 2010) (quoting *Pinter v. Dahl,* 486 U.S. 622, 642, 647 (1988)). Plaintiffs contend that Defendants are statutory sellers because they are "entities and individuals that solicited the sale of securities." Pls.' Br. at 2.[2] Defendants' latest act of solicitation with respect to these two tokens is Binance's republication of investor reports in November 2018 and February 2019, more than a year before Plaintiffs initiated this Action. SAC ¶¶ 100(d), (l). The statute of limitations runs for one year "after the violation upon which it was based," and the violation alleged for the Section 12(a)(1) claim is solicitation, which occurred earlier than one year of filing. 15 U.S.C. § 77(m) Thus, the claims related to EOS and TRX are also untimely.

### b. Exchange Act

---

[2] Plaintiffs briefly argue as an alternative that Defendants are also statutory sellers because they passed title to Plaintiffs; their opposition brief states that Binance users "must first transfer the desired crypto-assets to Binance's control by executing a transaction on the Ethereum blockchain." Pls.' Br. at 10 (citing SAC ¶ 58). However, the cited paragraph does not support this assertion.

Section 29(b) has a one-year statute of limitations, however, unlike Section 12(A)(1), the statute of limitations has a discovery rule by which the limitations periods only begins to run within one year after the "discovery that [the] sale or purchase involves [a] violation." 15 U.S.C. § 78cc. *See also Alpha Cap. Anstalt v. Oxysure Sys., Inc.*, 216 F. Supp. 3d 403, 408 (S.D.N.Y. 2016) ("[The] one-year statute of limitations for any implied cause of action under Section 29(b) of the Exchange Act. . . . runs from the time when an individual could have, through the exercise of reasonable diligence, discovered the fraud at issue." (internal quotation marks and citations omitted)).

Under Section 29(b),"[e]very contract made in violation of any provision of this chapter" and "every contract (including any contract for listing a security on an exchange) . . . the performance of which involves the violation of, or the continuance of any relationship or practice in violation of, any provision of this chapter . . . shall be void." 15 U.S.C. § 78cc. Plaintiffs must "show that (1) the contract involved a prohibited transaction, [and] (2) [the plaintiffs are] in contractual privity with the defendant." *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co., Inc.*, 794 F. Supp. 1265, 1288 (S.D.N.Y. 1992) (internal quotation marks and citations omitted). Plaintiffs' Section 29(b) claims are based on allegations that Binance formed illegal contracts and that those contracts were illegal due to Binance's operation as an unregistered exchange. However, Plaintiffs do not allege that they were unaware the exchange was not registered; in fact, the complaint alleges that Plaintiffs knew that Binance was unregistered. *See, e.g.*, SAC ¶ 330 ("It is well known that VPNs are necessary for U.S. purchasers to access unregistered crypto-asset exchanges, like Binance."). Thus, the Section 29(b) claims are untimely as Plaintiffs knew of the violation, that the exchange was not registered, earlier than one year prior to filing.

Plaintiffs argue that they only could have discovered that the tokens were securities on April 3, 2019, when the Framework was published. However, "[u]nder a discovery rule, the claim accrues when the plaintiff learns of the critical <u>facts</u> that he has been hurt and who has inflicted the injury." *In re Bibox*, 534 F.Supp.3d at 339 (quoting *Rotella v. Wood*, 528 U.S. 549, 556 (2000)). The Framework did not reveal new facts, and therefore, it does not delay the accrual of the Section 29(b) claims. As Judge Cote wrote:

> Here, the plaintiff does not allege that he only learned on April 3, 2019 of "critical facts" regarding [the tokens]. Rather, he claims that he did not learn of his potential legal rights under § [29 (b)] until the SEC released the Framework on April 3, 2019. Ignorance of legal rights does not delay the accrual of a claim under a discovery rule. In any event, the Framework is merely a non-binding agency interpretation of the longstanding [*S.E.C. v. W.J. Howey Co.*, 328 U.S. 293 (1946)] test and did not create new rights.

*Id.*; *see also id.* at 341 ("The plaintiff did not learn of any 'critical facts' regarding his injury when the SEC issued the Framework on April 3, 2019 . . . but rather learned only of the SEC's nonbinding interpretation of *Howey*."). The issuance of the Framework does not toll the accrual of Plaintiffs' claims.

## II.     Extraterritoriality

The federal securities laws apply to those "transactions in securities listed on domestic exchanges, and domestic transactions in other securities." *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 267 (2010) (discussing Exchange Act); *see also id.* at 268 ("The same focus on domestic transactions is evident in the Securities Act of 1933."); *In re Smart Techs., Inc. S'holder Litig.*, 295 F.R.D. 50, 55–56 (S.D.N.Y. 2013) ("*Morrison*'s prohibition on extraterritoriality applies to Securities Act claims."). An exchange is considered "domestic" if it registers as a "national securities exchange." *See Morrison*, 561 U.S. at 266–67. An exchange need only register if a

"facility of [the] exchange [is] within or subject to the jurisdiction of the United States." 15 U.S.C. § 78e. Binance does not meet these criteria.

First, although Plaintiffs allege that much of Binance's infrastructure is based in the U.S., they only identify as U.S.-based infrastructure Amazon Web Services computer servers, which host Binance, and the Ethereum blockchain computers, which facilitate certain transactions on Binance. Such third-party servers and third parties' choices of location are insufficient to deem Binance a national securities exchange. *See, e.g., Sonterra Capital Master Fund v. Credit Suisse Grp. AG*, 277 F. Supp. 3d 521, 582 (S.D.N.Y. 2017) (stating in the RICO context that, "being routed through computer servers into New York . . . . do[es] not . . . render plaintiffs' RICO claims domestic in nature"); *see also Holsworth*, 2021 WL 706549, at *3. Plaintiffs provide no caselaw to support the claim that Binance's other alleged U.S. contacts—inclusion of English language on the Binance website, several employees located in California, and job postings in the U.S.—are sufficient to constitute a domestic exchange.

Additionally, the transactions themselves, as alleged, cannot qualify as domestic. A transaction is domestic if "irrevocable liability is incurred or title passes within the United States." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 66, 67 (2d Cir. 2012). Plaintiffs must allege more than stating that Plaintiffs bought tokens while located in the U.S and that title "passed in whole or in part over servers located in California that host Binance's website." SAC ¶¶ 17, 19, 20, 22; *see City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 187 (2d Cir. 2014) (trade not considered domestic on the basis that the purchaser "places a buy order in the United States for the purchase of foreign securities on a foreign exchange").

Plaintiffs' Blue Sky claims also fail for the same reason. Plaintiffs bring claims under the Blue Sky laws of the following five jurisdictions where the named plaintiffs allegedly placed their

trades over Binance: California, Florida, Nevada, Puerto Rico, and Texas.[3] Although the Second Amended Complaint asserts claims under the Blue Sky laws of 49 U.S. jurisdictions, Plaintiffs allegedly made their trades only from those states listed above. Therefore, claims asserted under other states' Blue Sky statutes are dismissed as there is an insufficient nexus between the allegations and those jurisdictions. *See Fed. Hous. Fin. Agency for Fed. Nat'l Mortg. Ass'n v. Nomura Holding Am., Inc.*, 873 F.3d 85, 156 (2d Cir. 2017) (Blue Sky laws "only regulate[] transactions occurring within the regulating States" (internal quotation marks and citations omitted)); *see also In re Bibox*, 534 F. Supp. 3d at 334 ("Where, as here, a named class action plaintiff brings state law claims that may not be brought by the named plaintiff, but may be brought by putative class members, courts typically address only the state law claims of the named plaintiff at the motion to dismiss stage and do not address the standing and merits arguments with respect to the additional state law claims . . . .").

Second, the claims brought under California, Florida, Nevada, Puerto Rico, and Texas are also dismissed on account of the extraterritorial nature of the transactions at issue. Courts often analyze Blue Sky laws in relation to their federal counterparts. *See, e.g., Nat'l Credit Union Admin. Bd. v. Morgan Stanley & Co.*, No. 13-cv-6705 (DLC), 2014 WL 241739, at *12–13 (S.D.N.Y. Jan. 22, 2014) (citing Texas cases holding that Texas courts look toward federal court decisions when interpreting the Texas Securities Act because of the similarities between Texas and federal securities laws); *Rushing v. Wells Fargo Bank, N.A.*, 752 F. Supp. 2d 1254, 1260 (M.D. Fla. 2010) (stating that "Florida courts look to [federal securities] laws when interpreting [Florida Blue Sky laws]"); *SDM Holdings, Inc. v. UBS Fin. Servs., Inc. of Puerto Rico*, No. 12-cv-1663, 2016 WL 9461324, at *6 (D.P.R. Mar. 1, 2016) (noting that a Puerto Rico Blue Sky claim is "for all practical

---

[3] The complaint also alleges that trades were placed from New York, however the Complaint does not bring any claims under New York law.

purposes a verbatim repetition of [an Exchange Act] claim" (internal quotations and citations omitted)), *report and recommendation adopted sub nom. Roman v. UBS Fin. Servs., Inc. of Puerto Rico*, No. 12-cv-1663, 2016 WL 9460664 (D.P.R. Sept. 30, 2016); *Konopasek v. Ten Assocs., LLC.*, No. 18-CV-00272, 2018 WL 6177249, at *5 (C.D. Cal. Oct. 22, 2018) (applying definitions from federal securities law in dismissing California Blue Sky claims). Thus, as the federal claims fail due to extraterritoriality, the state claims are also dismissed because the relevant laws do not apply extraterritorially.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss is GRANTED and the Second Amended Complaint is DISMISSED. The parties' requests for oral argument are DENIED. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 58, 68, 69.

**SO ORDERED.**

**Dated: March 31, 2022**
   **New York, New York**

_____
            **ANDREW L. CARTER, JR.**
            **United States District Judge**

# Exhibit D

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

JD ANDERSON ET AL.,

Plaintiffs,

-against-

20 **CIVIL** 2803 (ALC)

## JUDGMENT

BINANCE ET AL.,

Defendants.

---------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated March 31, 2022, Defendants' motion to dismiss is

GRANTED and the Second Amended Complaint is DISMISSED.

**Dated:** New York, New York

March 31, 2022

**RUBY J. KRAJICK**
_____
**Clerk of Court**

BY:
_____
**Deputy Clerk**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/31/2022

*Lee v. Binance*
No. 22-00972 (2d Cir.)

**FORM C**
**ADDENDUM B**

**Issues to be Raised on Appeal**

1. Whether Plaintiffs' claims arising under 15 U.S.C. § 78cc(b) of the Securities Exchange Act of 1934 ("Exchange Act") from purchases made within one year before filing suit are timely.

Standard of review: Dismissals based on the timeliness of the claims are treated as a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The Second Circuit reviews *de novo* such dismissals. *Id.* at 424.

2. Whether Plaintiffs' claims under state Blue Sky laws are timely.

Standard of review: Dismissals based on the timeliness of the claims are treated as a dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir.2008). The Second Circuit reviews *de novo* such dismissals. *Id.* at 424.

3. Whether federal securities laws and state Blue Sky laws apply to purchases of unregistered securities from an unregistered exchange when Plaintiffs placed and executed their orders from within the United States.

Standard of review: Dismissals based on the extraterritorial applicability of a statute are treated as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254 (2010). The Second Circuit reviews *de novo* such dismissals. *E.g.*, *Absolute Activist Value Master Fund Ltd. V. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012).