UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 22-972

**Caption [use short title]**

**Motion for:** Removal from the expedited appeals calendar.

Set forth below precise, complete statement of relief sought:

Plaintiffs-Appellants respectfully request that this appeal be removed from the expedited appeals calendar pursuant to Circuit Rule 31.2(b)(2).

Lee v. Binance

**MOVING PARTY:** Plaintiffs-Appellants
**OPPOSING PARTY:** Defendants-Appellees

☐ Plaintiff   ☐ Defendant
☑ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jordan A. Goldstein
**OPPOSING ATTORNEY:** James P. Rouhandeh

[name of attorney, with firm, address, phone number and e-mail]

Selendy Gay Elsberg PLLC
1290 Avenue of the Americas, New York, NY 10104
(212) 390-9000; jgoldstein@selendygay.com

Davis Polk & Wardwell LLP
450 Lexington Avenue, New York, NY 10017
(212) 450-4000; rouhandeh@davispolk.com

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York (Carter, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed   ☐ Opposed   ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?   ☐ Yes ☐ No
Has this relief been previously sought in this court?   ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☑ No   If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Jordan A. Goldstein   **Date:** 5/24/2022   **Service by:** ☑ CM/ECF   ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| JD ANDERSON, COREY HARDIN, ERIC LEE, BRETT MESSIEH, DAVID MUHAMMAD, RANJITH THIAGARAJAN, CHASE WILLIAMS, and TOKEN FUND I LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs-Appellants,<br><br>    v.<br><br>BINANCE, CHANGPENG ZHAO,<br><br>    Defendants-Appellees.<br><br>YI HE, ROGER WANG,<br><br>    Defendants. | No. 22-972 |

**APPELLANTS' MOTION TO REMOVE APPEAL
FROM THE EXPEDITED APPEALS CALENDAR**

Pursuant to Circuit Rule 31.2(b)(2), Plaintiffs-Appellants ("Appellants") in the above-captioned appeal respectfully request that this appeal be removed from the expedited appeals calendar. Good cause exists for this request because (1) this appeal raises complex issues concerning federal and state securities laws that are not well suited for expedited review; and (2) this appeal does not involve the type of dismissal for which the expedited appeals calendar was designed. Defendants-

Appellees ("Appellees") have not informed Appellants of their position on this motion, nor have they informed Appellants whether they intend to file a response.[1]

## BACKGROUND AND PROCEDURAL HISTORY

Appellants, individually and on behalf of all others similarly situated, brought this lawsuit seeking redress for Appellees' unlawful promotion, offer, and sale of unregistered crypto-securities, in violation of federal and state securities laws.

Appellants Eric Lee and Chase Williams filed the initial complaint in the U.S. District Court for the Southern District of New York on April 3, 2020, asserting claims for: the unregistered offer and sale of securities in violation of Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act"); contracts with an unregistered exchange in violation of Sections 5 and 29(b) of the Securities Exchange Act of 1934 ("Exchange Act"); operating as an unregistered broker/dealer in violation of Sections 15(a)(1) and 29(b) of the Exchange Act; control person liability for violating Section 20 of the Exchange Act and Section 15 of the Securities Act; and analogous causes of action under the Texas "Blue Sky" investor protection

---

[1] Counsel for Appellants contacted counsel for Appellees on May 23, 2022 to notify them of this intended motion and request, consistent with Circuit Rule 27.1, Appellees' position on the relief requested in this motion and whether Appellees intend to file a response. Appellees' counsel responded in the evening of May 23 that they had reached out to their clients but as of that time were unable to provide a response. At 12:36 p.m. on May 24, 2022, Appellees' counsel informed Appellants' counsel that they were still unable to provide Appellees' position on this intended motion.

statutes. After Appellants were appointed lead plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995, Appellants filed an Amended Complaint and Second Amended Complaint that added additional causes of action under other states' Blue Sky statutes.

On February 16, 2021, Appellees and Defendants He and Wang[2] moved to dismiss Appellants' claims on several grounds, including lack of subject-matter jurisdiction, lack of personal jurisdiction, failure to state a claim, and *forum non conveniens*, and sought to compel arbitration.

The district court (Carter, *J.*) granted the motion to dismiss in a March 31, 2022 Opinion and Order (the "Order"). *JD Anderson, et al. v. Binance, et al.*, No. 20-cv-2803 (ALC), 2022 WL 976824 (S.D.N.Y. Mar. 31, 2022). Specifically, the district court dismissed Appellants' claims on the grounds that "the relevant securities laws do not apply extraterritorially and because they are barred by the statute of limitations." *See* Order at 4.

On April 29, 2022, Appellants filed a notice of appeal. This Court placed this appeal on the expedited appeals calendar on May 20, 2022. ECF No. 37.

---

[2] The parties stipulated to a voluntary dismissal of Appellants' claims against Defendants He and Wang on April 6, 2021. No. 20-cv-2803 (ALC) (S.D.N.Y.), ECF No. 63.

3

## REASONS FOR GRANTING THE MOTION

There is good cause to remove this appeal from the expedited appeals calendar. *First,* this appeal involves complex issues involving the application of federal and state securities laws to crypto-securities, which implicate important public policies and merit sufficient time for briefing, argument, and decision. For example, the district court's dismissal of Appellants' claims on extraterritoriality grounds involves the application of this Court's and the Supreme Court's precedent to an opaque and rapidly developing sector of commerce (crypto-assets and the exchanges on which they trade), with profound effects on the ability of U.S. securities laws to reach misconduct directed at and harming U.S. investors. This Court's review of that issue will require analysis regarding, for example, whether allegations that an unregistered crypto-asset exchange heavily marketed itself with impunity to U.S. investors, solicited purchases of extremely risky unregistered securities from U.S. investors, and centered its entire business and trading platform around U.S. investors, is subject to liability for its conduct under federal or state securities laws. Review of the district court's decision will thus require a careful consideration of this Court's precedents and their application to the crypto-asset industry, as well as important public policy considerations.

In addition, the questions of whether Appellants' claims are timely—and this Court's review of the district court's conclusion that they are not—implicate

important questions concerning the scope of discovery rules governing accrual of claims under federal securities laws. The district court's decision created, in effect, a knowledge defense found nowhere in the relevant statutes that would shorten the limitations period codified by Congress. This Court's review of the timeliness of Appellants' claims will therefore implicate important questions of statutory interpretation and public policy involving the scope of investor protections under the federal securities laws.

The parties and this Court would be benefitted by allowing for the appropriate time necessary to brief and consider these important issues.

*Second*, good cause exists to remove this appeal from the expedited appeals calendar for the additional reason that this appeal does not involve the type of dismissal for which the expedited appeal calendar was designed. *See* Hon. Jon O. Newman, Report: The Second Circuit's Expedited Appeals, 80 Brook. L. Rev. 429, 429–30 (2015) (stating that the Court's expedited appeal calendar was instituted in response to Supreme Court decisions requiring a more rigorous pleading standard so that cases in which the new pleading standards were deemed to have been improperly applied could be returned more quickly to the district court). Although the district court dismissed Appellants' claims for failure to state a claim, that dismissal was based on a review of precedent from this Court and the Supreme Court concerning questions of federal statutory interpretation regarding discovery rules and accrual of

5

claims, and application of that precedent to Appellants' allegations (implicating issues such as the timing of Appellants' securities purchases, Appellants' knowledge regarding whether Binance is a registered exchange, and the impact of published Securities and Exchange Commission guidance regarding the status of crypto-assets under federal securities laws). *See* Order at 4–7. In addition, the district court's dismissal was based on its application of Supreme Court precedent concerning extraterritoriality of securities law claims, which involved analysis of Appellants' allegations concerning, *inter alia*, Binance's computer infrastructure and the ways in which purchases of blockchain-based crypto-assets are routed through domestic computer servers.

The district court's dismissal therefore did not rest on a simple review of whether the allegations of Appellants' complaint satisfy pleading standards, and this appeal is not the type of dismissal for which the expedited appeals calendar was designed.

## CONCLUSION

For the reasons stated above, Appellants respectfully request that the Court remove this appeal from the expedited appeals calendar and allow the case to proceed in accordance with Local Rule 31.2(a). Concurrently with the filing of this Motion, Appellants have filed a Circuit Rule 31.2(a) scheduling notification requesting that their opening brief be due on July 28, 2022.

                                        Respectfully submitted,

May 24, 2022                              */s/ Jordan A. Goldstein*
                                                Jordan A. Goldstein
                                                Caitlin J. Halligan
                                                David A. Coon
                                                SELENDY GAY ELSBERG PLLC
                                                1290 Avenue of the Americas
                                                New York, NY 10104
                                                Tel: 212-390-9000
                                                jgoldstein@selendygay.com
                                                challigan@selendygay.com
                                                dcoon@selendygay.com

                                                *Attorneys for Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing motion complies with the length limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,213 words. In addition, I further certify that this motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman 14-point font.

*/s/ Jordan A. Goldstein*

## CERTIFICATE OF SERVICE

I certify that on May 24, 2022, I caused the foregoing motion to be filed using the Court's CM/ECF system, which will serve the document on representatives of all parties to this appeal.

<em>/s/ Jordan A. Goldstein</em>