# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-three.

_____

Chase Williams, individually and on behalf of all others similarly situated,
    *Plaintiff-Appellant*,
JD Anderson, Corey Hardin, Eric Lee, individually and on behalf of all others similarly situated, Brett Messieh, David Muhammad, Ranjith Thiagarajan, Token Fund I LLC,
    *Lead-Plaintiffs-Appellants*,

Docket No. 22-972

v.

Binance, Changpeng Zhao,
    *Defendants-Appellees*,
Yi He, Roger Wang,
    *Defendants*.

_____

The parties are advised that at oral argument calendared for Wednesday, April 12, 2023, at 10:00 a.m., they should be prepared to address whether the defendants' filing of a motion to compel arbitration implicates the district court's subject matter jurisdiction. *See Barrows v. Brinker Rest. Corp.*, 36 F.4th 45, 49 n.6 (2d Cir. 2022) (noting uncertainty in the case law of this Circuit as to the governing procedure when a party moves to dismiss and to compel arbitration under Rules 12(b)(1), 12(b)(6), and the Federal Arbitration Act). Compare *Am. E Grp. LLC v. Livewire Ergogenics Inc.*, 432 F. Supp. 3d 390, 399–400 (S.D.N.Y. 2020) ("[E]nforcement of a provision compelling arbitration does not implicate the Court's subject matter jurisdiction."), and *Automobile Mech. Loc. 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 743 (7th Cir. 2007) ("Enforcement of a forum selection clause (including an arbitration clause) is not jurisdictional[.]"), with *NYP Holdings, Inc. v. Newspaper & Mail Deliverers' Union of New York & Vicinity*, 2002 WL 1603145, at *1 (S.D.N.Y. July 18, 2002) ("[A]ssertion that arbitration is the proper forum for the Post's claims is considered a motion under Rule 12(b)(1) that this Court lacks subject matter jurisdiction over the action."), and *Gilbert v. Donahoe*, 751 F.3d 303, 306 (5th Cir. 2014) ("[A] district court lacks subject matter jurisdiction over a case and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1) when the parties' dispute is subject to binding arbitration.").

The Court notes this issue was briefed in *Goureau v. Lemonis*, No. 22-62-cv, which was argued March 9, 2023.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

*Catherine O'Hagan Wolfe*